IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

BROCK ALLEN GOOCH, #312460,      )
                                  )
        Plaintiff,                )
                                  )
    v.                            )      CASE NO. 2:24-CV-829-WKW
                                  )               [WO]
KENNETH W. BROOK,                 )
                                  )
        Defendant.                )

## ORDER

Plaintiff Brock Allen Gooch filed this *pro se* 42 U.S.C. § 1983 action

challenging the conditions of his confinement at the Alabama Department of

Corrections' Easterling Correctional Facility.  In an Order entered on June 10, 2025,

Plaintiff was directed to file a response by July 9, 2025, to Defendant's affirmative

defense that he failed to exhaust his administrative remedies under the Prison

Litigation Reform Act, 42 U.S.C. § 1997(e).  (Doc. # 20; (Doc. # 19 at 1.)  The Order

expressly cautioned as follows:  "If Plaintiff fails to file a response to this Order, the

court will treat that failure as an abandonment of the Complaint and a failure to

prosecute and will dismiss this action.  (Doc. # 20 at 5.)  This Order was sent to

Plaintiff at his address on record and was not returned to the court as undeliverable.

Several weeks have passed since the July 9th deadline and the entry of the June 10th

Order, yet Plaintiff neither has complied with the Order's directives nor submitted any filings in this case.

A district court "may . . . dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases." *McNair v. Johnson*, No. 24-10153, 2025 WL 1923126, at *3 (11th Cir. July 14, 2025) (cleaned up). The authority of courts to impose sanctions for failure to prosecute and to comply with court orders is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id*. It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted).

A court's dismissal under its inherent authority "can be either with or without prejudice to refiling." *McNair*, 2025 WL 1923126, at *3. Dismissal with prejudice as a sanction "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane*

2

*Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)); *accord McNair*, 2025 WL 1923126, at *3. "A dismissal *without* prejudice, by contrast, doesn't require a finding of willfulness or bad faith because its consequences are less severe." *McNair*, 2025 WL 1923126, at *3 (emphasis in original).

Here, Plaintiff has not responded to the court's June 10th Order, despite a clear warning that failure to comply by the July 9th deadline would result in dismissal of this action. Consequently, this action will be dismissed without prejudice. Although not required for such a dismissal, the court finds a clear record of delay, given the extended period of non-compliance and the notice provided. It further concludes that no lesser sanction than dismissal would be effective. *See id.*

Based on the foregoing, it is ORDERED that this action is DISMISSED without prejudice.

Final Judgment will be entered separately.

DONE this 25th day of July, 2025.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE
